UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sabrina P. Nobles,

                Plaintiff,        Case No. 25-12970

v.

                              Judith E. Levy
                              United States District Judge

U.S. Bank National Association, *et al.*,

                              Mag. Judge Anthony P. Patti

                Defendants.

_____/

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED HEARING [2]**

On September 18, 2025, *pro se* Plaintiff Sabrina Nobles filed this action against Defendants U.S. Bank National Association and "its servicers, agents, and attorneys who conducted foreclosure, redemption, and eviction activity." (ECF No. 1, PageID.2.) On the same day, Plaintiff filed a motion for a temporary restraining order ("TRO") to prevent eviction or other actions affecting the property and requested an expedited hearing. (ECF No. 2.) The Court has carefully reviewed the Plaintiff's complaint and motion. For the reasons set forth below, the Court denies the motion for a temporary restraining order.

I.   **Background**

This case concerns property located at 18681 Waltham Street in Detroit. (ECF No. 1, PageID.1.) Plaintiff states she has occupied the property for over "20 years, raising her family and establishing [a] generational legacy." (ECF No. 2, PageID.67.) On October 5, 2018, Plaintiff and Catina Carol Torbert (Nobles) were approved for a mortgage assistance program for the property. (*Id.* at PageID.118.) They accepted the mortgage assistance. (*Id.* at PageID.119.)

On November 9, 2018, co-borrower Catina Nobles filed a notice of bankruptcy. On December 9, 2019, Plaintiff retained attorney Marshall Schultz and filed her own notice of Chapter 7 bankruptcy.[1] (*See* ECF No. 1, PageID.24, PageID.125.) The filing initiated an automatic stay. *See* 11 U.S.C. § 362. On December 18, 2019, Defendant U.S. Bank National Association, which held a mortgage on the property, filed a motion in the bankruptcy court proceeding to lift the automatic stay[2] to allow it "to

---

[1] Plaintiff admits that her attorney may have filed a statement of intention to surrender her home in the bankruptcy proceeding but claims she did not agree to it. (ECF No. 1, PageID.25, PageID.14.)

[2] As discussed below, Plaintiff disputes that she received notice of the motion and opportunity for hearing.

proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the property." (ECF No. 1, PageID.14.) Plaintiff did not respond to Defendant's motion. (*Id.* at PageID.21.) On January 7, 2020, the bankruptcy court granted Defendant's motion and terminated the automatic stay. (*Id.*) The home was sold at a foreclosure sale on January 23, 2020. (*Id.* at PageID.37.) On July 23, 2020, Plaintiff's six-month period to redeem the property after the foreclosure expired. (*See id.*)

In November 2021, Defendant U.S. Bank National Association filed a case against Plaintiff, Catina Nobles, and any other occupants of the property in the 36th District Court (Case No. 21-355857).[3] (ECF No. 6, PageID.137.) Plaintiff states that it was a filing in this case that alerted her to the outcome of her bankruptcy case. (ECF No. 1, PageID.24–25.) Plaintiff indicates that Defendant's state-court "action [sought]

---

[3] "Although the case comes before the Court on just the Complaint and the request for a TRO, the Court 'may take judicial notice of proceedings in other courts of record." *Dates v. HSBC,* 721 F. Supp. 3d 616, 620 n.1 (S.D. Ohio 2024) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969)). The Court may also take judicial notice of public records related to property. *Id.* (citing *Cotton v. City of Cincinnati,* No. 11-389, 2013 WL 1438030, at *2 (S.D. Ohio Apr. 9, 2013) and *Perkins v. Lakeview Loan Serv., LLC*, No. 22-10563, 2024 WL 100168, at *2 (E.D. Mich. Jan. 9, 2024)).

3

possession of [Plaintiff's] residential property following foreclosure and eviction proceedings." (ECF No. 6, PageID.137.)

On May 16, 2022, more than two years after the bankruptcy case was closed and about six months after the state-court case was initiated, Plaintiff filed on the bankruptcy docket an "emergency ex-parte motion to reopen [the bankruptcy] case, vacate order granting relief from the automatic stay and waiving the provision of FRPB 4001(a)(3) and amend statement of intention." (*Id.* at PageID.24.) Plaintiff claimed that she never received a copy of Defendant's motion to terminate the automatic stay, and the notice and opportunity for hearing on this motion on her bankruptcy docket indicates that the notice was mistakenly sent to Robert Hudgins, the wrong debtor. (*Id.* at PageID.19.) The bankruptcy court held a telephonic hearing on the motion on June 13, 2022. (*Id.* at PageID.30.) On June 15, 2022, the bankruptcy court denied the motion, stating, "there is no basis under Federal Rule of Civil Procedure 60(b) to . . . reopen the case." (*Id.*)

Plaintiff indicates that after the bankruptcy court denied her motion, the parties began to negotiate an offer for Plaintiff to repurchase

4

the property in August of 2023. (*See, e.g., id.* at PageID.40.) This effort was unsuccessful.[4]

Then, on February 5, 2024, Plaintiff filed her own state-court action (Case No. 24-001751) against Defendant. (ECF No. 2, PageID.110.) Defendant's action (Case No. 21-355857) was administratively stayed pending the outcome of Plaintiff's new case. Although Plaintiff does not attach a copy of the complaint, it appears to address similar issues to this case. (*See* ECF No. 1, PageID.51–55 (emails indicating that Plaintiff sought to repurchase the foreclosed property in the 2024 state court action).) The parties again tried to reach a settlement in February and March of 2025 and mediated in April of 2025. (*Id.* at PageID.32, PageID.55.) In an affidavit attached to her motion, Plaintiff indicates that the parties agreed to a $42,000 repurchase price but Defendants refused to honor the agreement. (ECF No. 2, PageID.113.)

---

[4] The docket in Defendant's 2021 state-court case indicates that the case was administratively closed in July of 2022, and the state-court judge reopened the case on October of 2023.

5

In July 2024, the state-court judge granted an order for summary judgment/disposition in the case that Plaintiff initiated.[5] (ECF No. 2, PageID.111.) Plaintiff's 2024 case was closed. (*Id.*)

On August 28, 2025, Defendant filed a motion to reopen the state case it began in 2021. The state court has scheduled a hearing for September 25, 2025.

On September 18, 2025, Plaintiff filed this case in federal district court and alleged seven counts: (1) violation of automatic stay; (2) denial of due process under the Fourteenth Amendment; (3) declaratory and injunctive relief; (4) fraud and misrepresentation; (5) promissory estoppel; (6) unjust enrichment; and (7) intentional infliction of emotional distress. (ECF No. 1, PageID.2–3.)

In her motion for a TRO, Plaintiff requests that the Court "restrain[] Defendant[6] from eviction, dispossession, transfer, or any further action affecting title or possession of the property." (ECF No. 2, PageID.66.)

---

[5] Plaintiff did not attach a copy of this order.

[6] Plaintiff does not state which Defendant, but because she has only identified one, the Court assumes that the TRO is to restrain Defendant U.S. Bank National Association.

6

On September 22, 2025, Plaintiff filed a "Notice of Removal"[7] on this docket, which states that "[t]his action was originally filed in the 36th District Court, Wayne County, Michigan, under Case No. 21-355857 LT. The action seeks possession of Defendant's residential property following foreclosure and eviction proceedings." (ECF No. 6.) Plaintiff appears to reference Defendant's 2021 state-court case.

## II. Legal Standard

A TRO is an "extraordinary remedy of injunctive relief." *A & W X-Press, Inc. v. FCA US, LLC,* No. 21-1805, 2022 U.S. App. LEXIS 19615, at *6 (6th Cir. July 14, 2022). Courts evaluate a motion for a TRO by weighing the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits;
>
> (2) whether the movant will suffer irreparable harm in the absence of preliminary relief;
>
> (3) whether the injunctive relief will cause substantial harm to others; and
>
> (4) whether the public interest will be served by granting relief.

---

[7] Plaintiff already alleged a basis for federal-question subject-matter jurisdiction in her complaint. (*See* ECF No. 1, PageID.2.) And although Plaintiff did not attach the filings from the 2021 state court case, removal of that case is likely improper under 28 U.S.C. § 1446.

7

*Id.* at *3. "In evaluating [the TRO] factors, 'the likelihood of success on the merits often will be . . . determinative.'" *Id.* (citing *Thompson v. DeWine*, 976 F.3d 610, 615 (6th Cir. 2020) (per curiam), *cert. denied*, 141 S. Ct. 2512 (2021)). Without a showing of the first factor, the Court may deny a TRO. *See, e.g., Taylor-Bey v. Deangelo*, No. 23-11958, 2024 WL 947312 (E.D. Mich. Feb. 7, 2024) (denying the motion for a TRO because the plaintiff did "not demonstrate[] a strong likelihood of success on the merits").

### III. Analysis

The Court denies Plaintiff's request to issue a TRO against Defendant U.S. Bank National Association to prevent eviction or other actions affecting the property because she fails to demonstrate a strong likelihood of success. "Courts in this district have repeatedly held that the Anti-Injunction Act bars [federal courts from issuing] injunctions preventing state-court eviction proceedings." *Powers v. Bank of Am., N.A.*, 63 F. Supp. 3d 747, 752 (E.D. Mich. 2014) (citing cases).

In a recent case called *Curtis*, the Court denied a similar motion for a TRO to prevent eviction proceedings or other actions that would "further transfer[] the property in dispute." *Curtis v. Deutsche Bank*, No.

8

23-12859, 2025 U.S. Dist. LEXIS 85201, at *34 (E.D. Mich. May 5, 2025). There, the plaintiffs' "lawsuits [also] had a maze-like history, featuring [p]laintiffs turning from one court to another to air . . . alleged grievances" related to a foreclosure. *Id.* at *3. The Court reiterated that "[u]nder the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court 'may not grant an injunction to stay proceedings in a State court,' subject to certain exceptions that do not apply here. Here, the thrust of Plaintiffs' request for injunctive relief is to thwart state-court eviction proceedings." *Id.* (quoting *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 844 (6th Cir. 2009)).

Like in *Curtis*, Plaintiff acknowledges that there is a state-court "action seek[ing] possession of Defendant's residential property following foreclosure and eviction proceedings." (ECF No. 6, PageID.137–38 (requesting the court to "stay[]" the state court proceedings).) Also like the plaintiffs in *Curtis*, she "effectively [seeks] an injunction of state-court proceedings." *Curtis,* 2025 U.S. Dist. LEXIS 85201, at *54. Plaintiff's motion for a TRO asks the Court to "restrain[] Defendant from eviction, dispossession, transfer, or any further action affecting title or possession of the property." (ECF No. 2, PageID.66.)

9

Because the "Court does not have the authority to issue the injunctive relief [that the plaintiff] seek[s]," the Court finds that Plaintiff fails to show any likelihood of success on the merits and denies the motion for the TRO. *See Curtis,* 2025 U.S. Dist. LEXIS 85201, at *54.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for temporary restraining order is DENIED. (ECF No. 2.) The request for an expedited hearing is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 23, 2025         s/Judith E. Levy
    Ann Arbor, Michigan              JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2025.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager